Dave Goldstein v. The State.

No. 2983. Decided March 25, 1914.

Rehearing denied April 29, 1914.

1.—Receiving Stolen Property—Bills of Exception.

Where the bills of exception were so qualified by the court that they presented no error, they need not be reviewed on appeal.

2.—Same—Accomplice—Charge of Court—Circumstantial Evidence.

Where, upon trial of receiving and concealing stolen property, the facts and circumstances in evidence raised the issue of accomplice testimony, the court erred in not submitting a requested charge thereon, and especially, in the absence of a charge on circumstantial evidence.

3.—Same—Requested Charges—Bill of Exceptions.

In a felony case, it is not necessary to preserve a requested charge by bill of exceptions where the record discloses that the requested charge is presented in ample time and refused by the court, and it is immaterial whether a bill of exceptions with reference to such requested charge is sufficient.

4.—Same—Motion for New Trial.

Where the motion for new trial clearly notified the court that defendant's contention was that the evidence raised the issue of accomplice testimony and that the court erred in submitting that issue to the jury as requested, the same was sufficient for this court to pass thereon.

5.—Same—Purpose of the Law—Requested Charges—Practice.

While the law, requiring courts to submit their charges and attorneys to make their objections thereto before they are read to the jury, etc., and the law does not require special charges to be asked, yet it is better practice to do so, and where the attorneys fully complied with this practice, the matter will be reviewed on appeal.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms,* for appellant.

*C. E. Lane,* Assistant Attorney General, and *Currie McCutcheon,* County Attorney, for the State.—On question of bill of exceptions to special charge: Armstrong v. State, 60 Texas Crim. Rep., 59; Presley v. State, 60 id., 102.

HARPER, Judge.—Appellant was prosecuted and convicted of receiving and concealing stolen property.

A number of bills of exception are presented in the record in regard to the introduction of testimony, but as qualified and approved by the court none of them present error. However, the appellant submitted a special charge requesting the court to submit to the jury the question of whether or not the witness, Frank Barrett, was an accomplice within

the meaning of our statutes governing accomplice testimony. Claude Rice is the self-confessed thief. He was staying with Barrett. He says Barrett knew he was a thief, yet kept him at his home. That on the night the property was taken he and Barrett went to Lake Cliff and went in swimming. That he, Rice, deposited his pocketbook with the manager of the swimming pool; that they remained in bathing about an hour, when Barrett first got out and went outside; that when he, Rice, got out, the manager gave him the wrong pocketbook, and he discovered it when he got outside and called Barrett's attention to it. That they then went on to Barrett's and he, the next day, placed it with appellant to be disposed of. The property was found in appellant's possession. Barrett testified: "One night we went in swimming over at Lake Cliff, and I came out and dressed ahead of Claude and waited out there at the head of the hall, and then I went on to the automobile entrance and saw him there and we went to Beckley Avenue. When I got out, Claude said they had given him the wrong pocketbook out there, and he did not know what was in it; he first said there was a couple of dollars in it, and then said, 'I am not much better off,' and we went a little further and he said there was some jewelry in it; and when we got home he taken this jewelry out and showed it to me. We left there and went to the confectionery store upon Marsalis and Jefferson Avenue; and we came back by the way of Tenth Street and then Claude threw two of the rings on the ground and stamped them in the ground. That was on Tenth Street in Oak Cliff, about opposite the telephone building. We came home and I asked Claude to take them back, and he said he was scared to, said he was scared of getting into trouble. I saw the stuff before I left home to go to the drug store. We went from Lake Cliff to my home, and he took the jewelry out and showed it to me, and I began to get nervous and excited; mother was sitting on the front porch and I was afraid she would hear us talking. In the morning Claude got up and took the stuff to town; took it to Dave Goldstein. I had a conversation with Dave Goldstein; one conversation I had with him I told him that I heard the people at Lake Cliff had mine and Floppy's description, and I said let's give the stuff up before trouble overtakes us." While he testified he did not know Rice was a professional thief, he admits he knew he had been convicted of a misdemeanor theft, and he had paid his fine, and again took him to his home. The testimony, as a matter of law, does not make Barrett an accomplice, yet we think the facts and circumstances, and especially his own testimony, are such as to raise that issue, and the court erred in not giving the following charge requested by appellant:

"An accomplice, as the word is here used, means any one connected with the crime charged, either as principal, accomplice, or accessory. It includes all persons who are connected with the crime by unlawful act or omission on their part transpiring either before, at the time of, or after the commission of the offense, and whether or not they were present and participated in the commission of the crime.

"Now, if you are satisfied from the evidence that the witness, Frank Barrett, was an accomplice, or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions, then you are instructed that you can not convict the defendant upon his testimony unless you first believe that the testimony of said Frank Barrett is true, and that it connects the defendant with the offense charged in the indictment and unless you further believe that there is other testimony in the case, corroborative of the testimony of said Frank Barrett tending to connect the defendant with the commission of the offense charged."

Reverse the case, and if Barrett was on trial, under the above testimony, together with the other facts and circumstances in evidence, we would hesitate long before reversing the case because of the insufficiency of the testimony. In fact, if the court properly charged on circumstantial evidence, and there was no error in the record, we would affirm the case, if the jury should adjudge him guilty, and under such circumstances the issue is raised with that force and cogency to require the matter to be presented to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

### April 29, 1914.

HARPER, Judge.—In the motion for rehearing it is not insisted by the State that the evidence does not raise the question as to whether or not Barrett was an accomplice, but the State insists that the bill of exceptions taken to the refusal of the court to give this charge should not be considered because the sixty days first allowed had expired before the court made the order granting the additional time. The court, on motion of appellant, entered an order correcting this entry, stating that the time first allowed had not expired when he granted the second. This, the State insists the court had no authority to enter at the time he did so. This we do not deem it necessary to discuss, for in a felony case it has never been held that it is necessary to preserve a special charge requested by bill of exceptions, where the record discloses itself that it was presented to the court and requested to be given in ample time. This record discloses that two special charges were presented to the court asking him to submit to the jury for their determination the question of whether or not Barrett was an accomplice, and the court refused to give either of them. Again, it is said that in the bill of exceptions, if we consider it, it does not state any reason why the special charge was called for. If it was not necessary to take a bill of exceptions and have it entered of record, of course whether or not it is sufficient is immaterial.

The next ground is that in the motion for a new trial this question

is not sufficiently raised for us to review it. The motion for a new trial alleges: "Because the verdict of the jury is contrary to the law and the evidence, and is not supported by the evidence submitted on the trial hereof, because the only testimony against this defendant of an incriminative character was the testimony of Claude Rice, alias Floppy, and Frank Barrett, both of whom were accomplices and particeps criminis, and the testimony of said witnesses was not corroborated by the State by any evidence of any character, and because the court erred in refusing to submit to the jury special charge No. 4 requested by defendant, the said charge submitting to the jury the issue as to whether or not the witness Frank Barrett was an accomplice." This clearly notified the court that appellant's contention was that the evidence raised the issue that Barrett was an accomplice, and that the court erred in refusing to submit that issue to the jury.

The object and purpose of the law passed at the last session of the Legislature, requiring the courts to submit their charges to attorneys, and the attorneys to make their objections thereto before it was read to the jury, was that the attorneys engaged in the trial of a case must call the court's attention to any omissions or errors in the charge that the charge might be corrected at that time, and while the law does not require special charges to be asked, yet we think it the better practice and to be commended, and where the record discloses that the appellant not only called the court's attention to an omission to submit an issue raised by the testimony, but in addition thereto a special charge was prepared and presented curing the omission, if the court then refuses to submit the issue, and the appellant in the motion for new trial calls specific attention to his contention, as in this case, so as to direct the court's attention to the specific matter, if the omission was such an error as might and probably would injuriously affect the defendant, reversible error is presented.

The motion for rehearing is overruled.

*Overruled.*