### Joe Cozine v. The State.

No. 5627. Decided March 10, 1920.

1.—Pure Food Law—Statutes Construed.

Where defendant was prosecuted under Title 12, Chapter 2, Penal Code, which prohibits among other things the sale of the productions of an animal that has died otherwise than by slaughter, a defense that the meat was not unwholesome is not available, following Ex parte Drane, 80 Texas Crim. Rep., 543.

2.—Same—Accomplice—Charge of Court—Misdemeanor.

As a general rule, all guilty participants in a misdemeanor are principals, and the accused cannot be convicted upon the uncorroborative testimony of an accomplice or principal, and where upon trial of a violation of the Pure Food Law, the conviction of defendant was dependent upon the testimony of a witness who may have been an accomplice or principal in the transaction, a requested charge on accomplice testimony should have been submitted to the jury, and a failure to do so is reversible error; following Farris v. State, 55 Texas Crim. Rep., 481, and other cases.

Appeal from the County Court of Fannin. Tried below before the Honorable A. P. Bolding.

Appeal from a conviction of the violation of the Pure Food Law; penalty, a fine of $25.

The opinion states the case.

*Cunningham, McMahon & Lipscomb,* for the appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—There are two counts in the indictment, one charging that the appellant did unlawfully have in his possession with intent to sell, did then and there offer and expose for sale and did then and there offer to sell to John Doggett an article of food consisting of meat and the product of an animal unfit for food, to-wit, a hog that had died otherwise than by slaughter; the second count under the same allegations charges sale to Mrs. Delia Anthony. The verdict of guilty is general, both counts having been submitted to the jury.

In July, 1918, the appellant owned some fat hogs which he desired to ship, and secured the services of a man and automobile truck to have the hogs shipped to the railroad station about ten miles distant. In getting the hogs on the truck one of them became overheated, and when within a few hundred yards of the destination the hog died. The appellant immediately cut its throat, causing it to bleed profusely. He then took it to the butcher shop of the witness Doggett, and procured from this witness some tools with which to dress the hog; and with Doggett's permission the meat was left in his icebox until the succeeding day. An agreement was made by the appellant with W. A. Finley, also a witness for the State, by which agreement from the State's standpoint Finley undertook to sell the meat to persons in the neighborhood, retaining one-half the proceeds and delivering the remainder to the appellant. Heines Finley, a 16-year old son of W. A. Finley, on the succeeding day, under the direction of W. A. Finley, took the meat from the butcher shop in a wagon, and peddled it out, making sales to various parties, among them Mrs. Delia Anthony. The sale to Mrs. Delia Anthony and other sales by Heines Finley were proved by him, he disclaiming any knowledge of the fact that the hog was not slaughtered.

The prosecution is under Title 12, Chapter 2 of the Penal Code. One of the varieties of food prohibited is "the product of an animal that has died otherwise than by slaughter." We think the allegation in the indictment, describing the meat within the terms of the statute, was sufficient, and that a defense could not result from proof that in the particular instance the meat was not unwholesome. Statutory regulations to protect the public against the use of unwholesome food are obviously within the power of the State to protect the public

health, and the statute in question is manifestly conducive to that end. Numerous examples of similar statutes and ·citation of decisions upholding them will be found in Ruling Case Law, vol. 11, p. 1108 to 1117. Ex parte Drane, 80 Texas Crim. Rep., 543, 191 S. W. Rep., 1156.

It is our opinion that the witnesses Doggett and W. A. Finley were accomplices within the meaning of Article 801 C. C. P., which prohibits the conviction of one accused of an offense upon the uncorroborated testimony of an accomplice. As a general rule, all guilty participants in a misdemeanor are principals (See Houston v. State, 13 Texas Crim. App., 595; Branch's Annotated Penal Code, sec. 699), and all principals are within the terms of the statute. Phillips v. State, 17 Texas Crim. App., 169, and others listed in Vernon's Texas Criminal Statutes, vol. 2, p. 732. The criminal design was to sell prohibited meat. The appellant furnished the meat; Doggett, with knowledge of the facts, rendered aid by furnishing the means of dressing and keeping it, and W. A. Finley acted with the appellant under agreement in the sale of it. Whether Heines Finley was an accomplice was a question of fact. 19 Cyc., 1094. His possession, distribution, and sale of the meat without knowledge that it had not been slaughtered would not, as a matter of law, constitute him an accomplice. Robbins v. State, 33 Texas Crim. Rep., 573. Nor would his declaration on the witness stand that he was without knowledge be conclusive of that fact under the circumstances developed in the instant case. Martin v. State, 44 Texas Crim. Rep., 279, and other cases cited in Branch's Annotated Penal Code, p. 361.

The one sale of the meat proved was to Mrs. Delia Anthony, and this by the testimony of Heines Finley. The appellant, by exceptions to the court's charge and special charges duly presented, requested instructions upon the limitations placed by law upon accomplice testimony. Such a charge should have been accorded. The appellant and W. A. Finley, being co-conspirators, the act of one within the scope and duration of the conspiracy was binding upon the other; therefore, whether Heines Finley was an innnocent or a guilty agent, his act in selling the meat was one for which the appellant was criminally responsible. Madison v. State, 16 Texas Crim. App., 435; Farris v. State, 55 Texas Crim. Rep., 481; Branch's Annotated Penal Code, sec. 683.

We regard the refusal to instruct on the law of accomplice testimony as of importance sufficient to require a reversal of the judgment, which is ordered.

*Reversed and remanded.*