**J. D. ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59541.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 12, 1980.

---

**552**

John H. VanVoorhis, Universal City, for appellant.

Bill M. White, Dist. Atty., Wayne Hampton and Edward J. Coffey, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation. The punishment, enhanced by the allegation and proof of a prior felony conviction, was assessed by the court at fifteen (15) years' imprisonment.

In the only ground of error, the appellant challenges the sufficiency of the evidence to sustain the conviction for the primary offense.

Allie Day testified she locked and secured her home in San Antonio before leaving on the evening of July 4, 1977. Upon receiving a call, she returned home to find that her home had been burglarized. A screen had been cut on the east side of the house and the back door on the south side had been forced open. There were pry marks of "a crowbar or something." A television set was missing which was subsequently returned to her by the police. Day testified she had not given anyone permission to break and enter her house or to take her television set.

George Rangel, a neighbor of Day's testified that upon returning from the store on the evening in question he saw a station wagon parked on the street with a man in the driver's seat and two men walking toward Day's house. From his back yard Rangel saw a man walk away from Day's house carrying something that looked like a suitcase or television set. Rangel and another neighbor, Ignacio Acuna, followed the station wagon in Rangel's truck. After obtaining the license number and description of the station wagon, they returned to Day's house and gave the same to the police.

Officer J. H. Rosebrock testified he investigated the alleged burglary and found a screen off the east side of the house and the back door pried open. When Day arrived home, Rosebrock drove to where officer Donald Klaus had stopped appellant's station wagon which matched the description given by Rangel and Acuna. Rosebrock retrieved the television set from the back seat of appellant's vehicle.

Klaus testified that after receiving a description and license number of the station wagon he set out in pursuit near the location where Acuna and Rangel had last seen the vehicle. He saw a station wagon pulling off the street onto the shoulder. He then observed the appellant get out of the vehicle and raise the hood. Two men remained in the vehicle and it was determined they were Robert Ray and Lee Vernon Grady. Klaus related that when he walked to the station wagon Ray attempted to cover a television set on the floorboard behind the driver's seat.

William Rice, a defense witness, testified he had been drinking with the appellant from about 2 or 3 p. m. on the day in question; that about 6 p. m. Ray and Grady arrived and Ray asked appellant to take him "to pick up his TV." Appellant agreed to do so if Ray would buy the gasoline. Rice testified he had known Ray for 15 years and it was not unusual for Ray and

Grady to ask for rides from anybody who had a car.

Appellant testified that he knew neither Ray nor Grady owned a house and they lived "on the street." He related he agreed to take Ray and Grady to pick up their television set after they offered to buy the gasoline. Appellant related he drove them into part of the city to which he had never been. He was unable to specify the route taken as he could not read and was not able to identify the names of the streets. At some point in a residential area Ray or Grady told him to stop and left the vehicle. Appellant turned the vehicle around and parked headed in the direction from which they had come. Ray and Grady returned and Ray placed a television set in the back seat floorboard. After leaving the scene, the station wagon began to overheat and they stopped and officer Klaus arrived. Appellant testified he had been unaware of the actions of Ray and Grady. He stated he told the arresting officer that he was unaware of his companions' actions. Klaus testified in rebuttal that appellant had offered no such explanation.

V.T.C.A., Penal Code, § 30.02, provides in part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

" * * *

"(3) enters a building or habitation and commits or attempts to commit a felony or theft.

"(b) For purposes of this section, 'enter' means to intrude:

"(1) any part of the body; or

"(2) any physical object connected with the body."

There is no evidence that appellant himself entered the house within the meaning of § 30.02(b), supra. Therefore, for him to be guilty of burglary he must be shown to have acted as a party to the offense.

V.T.C.A., Penal Code, § 7.02, provides:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

" * * *

"(2) acting *with intent to promote or assist the commission of the offense,* he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." (Emphasis supplied.)

Although mere presence at the scene of an offense is not sufficient to support a conviction under § 7.02(a)(2), supra, it is a circumstance tending to prove guilt which may show in combination with other facts that the accused participated in the commission of the offense. *Johnson v. State,* 537 S.W.2d 16 (Tex.Cr.App.1976); *Ortiz v. State,* 577 S.W.2d 246 (Tex.Cr.App. 1979). The court may look to events before, during and after the commission of the offense, and reliance may be placed on actions which show an understanding and common design to do a certain act. *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr.App. 1976); *Tarpley v. State,* 565 S.W.2d 525 (Tex.Cr.App.1978).

The evidence shows that Day's house was burglarized and a television set taken which was recovered from appellant's station wagon not long after the burglary. From the State's evidence and the appellant's testimony it is clear that the appellant drove Ray and Grady to the scene and waited for them and drove away with them and the television set. Appellant testified he was unaware of Ray's and Grady's actions and did not knowingly participate in the burglary. The trial judge as the trier of the facts was not required to believe the appellant's testimony. It is obvious that he rejected appellant's explanation.

Viewing the evidence in the light most favorable to the judgment as this court is required to do, *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977), we conclude it is sufficient to show that the appellant was a party to the offense and sufficient to support the conviction.

The judgment is affirmed.

DOUGLAS, Judge, concurring.

The majority is correct in affirming the conviction, but it should be noted that it

does not follow the opinion in *Urtado v. State*, 605 S.W.2d 907 (Tex.Cr.App.1980) where the defendant testified that he did not know his companions were going to attempt to burglarize the house, that he took the two women in his car to the house but he knew nothing of their plans. He was on the premises and was running his hand over the window screen in a cutting manner. The screen was cut. He fled when a neighbor of the owner of the house approached. This Court gave credence to the defendant's testimony and reversed the conviction.

In the present case, this Court does not give credence to appellant's testimony. What is the difference?

The judgment in this case should be affirmed, but the *Urtado* case should be overruled or followed by the majority. See the dissenting opinion in *Urtado v. State*, supra.