Barry Patrick EMMETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01316–CR.

Court of Appeals of Texas,
Dallas.

June 15, 1983.

Michael Gibson, Dallas, for appellant.

Henry Wade, Dist. Atty., W.J. Westmoreland, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

Barry Patrick Emmett was convicted of murder and sentenced to life imprisonment in the Texas Department of Corrections. On appeal, he asserts eight grounds of error. The sufficiency of the evidence is not challenged. We find the first ground of error dispositive. The cause is reversed and remanded for a new trial.

Emmett contends, in his first ground of error, that the trial court committed reversible error by refusing to submit to the jury the issue of whether or not the witness John Coale was an "accomplice witness." We agree. A review of the record reveals that, on the night of the murder, Emmett and Coale were present at the residence of the deceased, where they played poker and purchased cocaine from the deceased. Emmett was angry with the deceased over the quality and quantity of the cocaine, and he and Coale left at about 4:30 a.m. At that time, Emmett told Coale of his intent to murder the deceased. Coale testified that Emmett asked him to help dispose of the body, but that he refused. Coale said he did agree, however, to return with Wally Wilson to remove his personal belongings from the deceased's residence. About an hour later, Emmett returned, and apparently shot the deceased six times in the head. Coale also returned with Wally Wilson. When Coale entered the deceased's residence, Emmett asked him to slit the cushions on a loveseat "so it would look like a burglary or someone was looking for money or something." Coale did so. Emmett then said, "I've done everything there is to do. Do you think you could at least torch the bedroom?" Coale then entered the bedroom, where the deceased lay fatally shot, and lit a fire in two places.

Coale went to the police a few days later in order to set up an alibi for both Emmett and himself. On several occasions, he lied to the police concerning his involvement in the murder. However, he was later arrested and charged with murder and arson. John Coale was thereafter granted immunity from prosecution in exchange for his testimony at Emmett's trial.

■ An "accomplice," as used in former article 718 (now article 38.14), has generally been held to include both principals and accessories who are connected with the crime by an unlawful act or omission transpiring either before, during or after the commission of the offense, and whether or not he was present and participated in the crime. *Goldstein v. State,* 73 Tex.Cr.R. 558, 166 S.W. 149 (1914); *see also Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Singletary v. State,* 509 S.W.2d 572 (Tex.Cr.App.1974). However, one is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged. *Russell v. State,* 598 S.W.2d 238, 249 (Tex.Cr.App.1980) *(en banc); Carrillo,* 591 S.W.2d at 882. Specifically, an accessory after the fact can no longer be an accomplice witness. *Easter v. State,* 536 S.W.2d 223, 228 (Tex.Cr.App.1976). Neither is one an accomplice witness merely because he knew of the crime but failed to disclose it or even concealed it. *Russell,* 598 S.W.2d at 249; *Carrillo,* 591 S.W.2d at 882.

■ A person may be prosecuted as a party to an offense committed by the con-

duct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974). Although mere presence at the scene of the crime alone is not sufficient to show guilt, *Drager v. State,* 555 S.W.2d 743 (Tex.Cr.App.1977), it is a circumstance tending to prove that person is a party and, taken with other facts, may be sufficient evidence. *Medellin v. State,* 617 S.W.2d 229 (Tex.Cr.App.1981). Specifically, a person is guilty as a party where, in addition to his presence at the scene of the crime, he enters into some agreement which encourages the commission of the offense. *Barron v. State,* 566 S.W.2d 929 (Tex.Cr.App.1978). Our examination of these legal principles leads us to conclude that, although an accessory after the fact may not be charged as a party to the principal offense, a person who has previously agreed to act as an accessory after the fact does thereby render himself liable as a party to the offense.

■ A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense. Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1979). When the evidence clearly shows that the witness is an accomplice witness, the trial court has a duty to so instruct the jury. *Arney v. State,* 580 S.W.2d 836 (Tex.Cr.App.1979). When there is a question as to whether a witness is an accomplice, it is sufficient to submit that issue to the jury. *Id.* at 839.

■ Although Coale testified that he did not previously agree to assist Emmett, the trier of fact was entitled to disbelieve him. It has been held that a witness' statement that he was without knowledge or that he was forced or coerced does not compel the conclusion that he is not an accomplice witness. *See Easter,* 536 S.W.2d at 226; *Cozine v. State,* 87 Tex.Cr.R. 92, 220

S.W. 102 (1920); *Cf. Freeman v. State,* 11 Tex.App. 92 (1881) (if a prosecution witness implicates himself, his statement that his participation was compulsory raises a fact issue as to whether he is an accomplice witness); *also Cf. Alexander v. State,* 607 S.W.2d 551 (Tex.Cr.App.1980) (trial judge not required to believe defendant's testimony where circumstances sufficient to convict as party to burglary). In determining whether one can be convicted as a party to an offense, this court may look to events after the commission of the offense, and reliance may be placed on actions which show an understanding and common design to do a certain act. *Alexander v. State,* 607 S.W.2d 551 (Tex.Cr.App.1980). It is our opinion that Coale's behavior after the murder is sufficient evidence to raise the issue of whether he had previously agreed to such behavior, which would render him liable as a party to the offense; thus it is sufficient to raise the question of whether John Coale was an accomplice witness. Therefore, it was error for the court to refuse to submit that issue to the jury.

Reversed and remanded.

SPARLING, Justice, dissenting.

The witness, Coale, would not be subject to prosecution for the crime of murder. Therefore, I dissent from the majority opinion.

The unquestioned facts as reflected by the record are that Coale knew of the appellant's intention to kill the deceased, but that prior to the murder he specifically refused appellant's request to help dispose of the body, and did nothing to aid or encourage the murder. Coale arrived at the scene shortly after the murder and observed the body. He helped ransack the decedent's home, and he burned the deceased's corpse. Enough gruesome facts exist to inspire revulsion toward the witness. Yet, the witness' participation occurred *after* the deceased was dead. If an accessory after the fact[1] is not answerable for the primary

---

1. I am not unaware that the phrase "accessory after the fact" became obsolete with the advent

of the 1974 Penal Code, but I use it to refer to participation by one in a crime *subsequent* to

offense then I fail to see how the witness Coale could have been prosecuted for the murder of the victim. Again, if Coale could not have been prosecuted, he could not have been an accomplice witness. *Russell v. State,* 598 S.W.2d 238, 249 (Tex.Cr.App. 1980) (*en banc*), *cert denied,* 449 U.S. 1003, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980); *Carrillo v. State,* 591 S.W.2d 876, 882 (Tex.Cr. App.1979); *Villarreal v. State,* 576 S.W.2d 51, 56 (Tex.Cr.App.1978) (*en banc*); *Ferguson v. State,* 573 S.W.2d 516, 523 (Tex.Cr. App.1978) (*en banc*), *cert denied,* 442 U.S. 934, 99 S.Ct. 2870, 61 L.Ed.2d 304 (1979).

The majority, in one breath concedes that an accessory after the fact "can no longer be an accomplice witness." Yet in another they hold that even though the undisputed evidence shows Coale to be only an accessory after the fact, it raised a jury issue as to whether Coale is an accomplice. Thus, the majority states that one can become an accomplice by the jury disbelieving the uncontroverted evidence that he is only an accessory after the fact.

I would, instead, hold that there must be some evidence of Coale's participation *in the murder* to raise a fact issue for the jury's determination. *See Singletary v. State,* 509 S.W.2d 572, 575 (Tex.Cr.App. 1974); *Johnson v. State,* 502 S.W.2d 761, 763 (Tex.Cr.App.1973), *O'Dell v. State,* 467 S.W.2d 444, 447 (Tex.Cr.App.1971), *see generally* 24 Tex.Jur.2d, *Evidence* § 691 (Supp. 1982). I would therefore conclude that the court did not err in failing to submit a charge to the jury regarding Coale's status as an accomplice.

the commission of the offense. *Singletary v.*      *State,* 509 S.W.2d 572 (Tex.Cr.App.1974).