Albert FREEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–189–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 23, 1987.

M. Arnold Govella, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant Albert Freeman was convicted by a jury of felony theft of a vehicle and sentenced to thirteen years confinement and a five hundred dollar fine. Appellant raises seven points of error on appeal. We affirm.

In his first two points of error, appellant argues that the evidence is insufficient to support the verdict. We disagree.

█ The standard for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc). This standard applies to both direct and circum-

stantial evidence cases. *Jackson v. State,* 672 S.W.2d at 803. When applying this standard to a circumstantial evidence case, the court must review the facts of the case to determine whether the circumstantial evidence supports the conviction. *Robinson v. State,* 570 S.W.2d 906, 909–910 (Tex. Crim.App.1978). If a review of the record reflects any evidence that establishes guilt beyond a reasonable doubt, the verdict will be upheld and an appellate court cannot reverse the judgment on sufficiency of evidence grounds. *Combs. v. State,* 643 S.W.2d 709, 716 (Tex.Crim.App.1982).

█ The record reflects that one of the State's witnesses, Mr. Atkins, testified that he saw appellant, accompanied by another man, get into the vehicle belonging to the complainant and drive away from the complainant's business. The witness testified that he heard a "breaking sound" after he saw the first man get into the car. The police arrested appellant, after a short chase, a few blocks from complainant's business. The car, with a broken steering column, was found in the area where appellant was arrested. The witness came to the location where appellant was arrested and told police that appellant "look[ed] like the man [he] saw". The witness testified, after he identified appellant as the man he saw in the police car, that appellant was the same man he saw in the stolen vehicle. On cross-examination, the witness stated, "I am as certain as I can be" that appellant was the man he saw in the stolen vehicle. Contrary to appellant's arguments, his conviction was based on more than his presence in the vicinity of the stolen car and his flight from the officers. He was identified by an eyewitness to the theft as one of the two men who stole the car. It is well-settled that when the sufficiency of the evidence is challenged, the evidence is to be viewed in the light most favorable to the verdict. The jurors are the exclusive judges of the facts, and credibility of the witnesses, and the weight to be given their testimony. *Page v. State,* 690 S.W.2d 102, 105 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Appellant's first and second points of error are overruled.

In his third point of error, appellant contends that the court erred by instructing the jury on the law of parties because the evidence was insufficient to convict appellant as a party to the offense. Appellant argues that there was no evidence that he agreed to the commission of any offense or that he solicited, encouraged, directed, aided, or attempted to aid in the commission of an offense. We disagree with appellant's argument.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex.Penal Code Ann., § 7.02(a)(2) (Vernon 1974). In reviewing the record to determine whether appellant participated as a party, an appellate court may rely on actions that show an understanding and common design to commit a certain act. *Alexander v. State*, 607 S.W.2d 551, 553 (Tex.Crim.App.1980); *Gordon v. State*, 640 S.W.2d 743, 758 (Tex.App. —San Antonio 1982, no pet.). Appellant and his co-defendant do not have to evidence this understanding verbally. *Gordon*, 640 S.W.2d at 758. The court may consider events before, during, and after the commission of the offense. *Harris v. State*, 645 S.W.2d 447, 457–58 (Tex.Crim. App.1983) (en banc); *Gordon*, 640 S.W.2d at 758.

The state's eyewitness saw appellant, accompanied by another man, enter the car after which he heard a breaking sound and saw the car being driven away. Both men were in the car when it left the complainant's residence. This testimony is sufficient to support the court's charge on the law of parties. Appellant's third point of error is overruled.

Appellant contends in his fourth point of error that the testimony of the police officers improperly bolstered the testimony of the eyewitness. We disagree. First, we note that after appellant objected to the state's question, which was addressed to Officer Minger, the attorneys approached the bench for an off-the-record conference.

The prosecutor then withdrew the question. The officer never answered the question. We find that this question was not harmful and did not bolster the eyewitness' testimony.

An unanswered question does not create reversible error unless the question itself made it impossible to withdraw from the jurors' minds the impression that the officer would have bolstered the witnesses testimony. *Turner v. State*, 600 S.W.2d 927, 932 (Tex.Crim.App.1980).

Second, as to the testimony of Officer Trapani, one objection was sustained and, as such, did not preserve error. The second objection that appellant made during Trapani's testimony was overruled, however, the officer did not bolster the eyewitness' testimony. The prosecutor asked Officer Trapani what action he took after he saw the eyewitness view the appellant. The officer replied, "The suspect was then placed in custody and arrested." The officer never stated that the witness identified appellant. *Bird v. State*, 692 S.W.2d 65, 71 (Tex.Crim.App.1985) (en banc), *cert. denied* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Anderson v. State*, 628 S.W.2d 513, 517 (Tex.App.—Corpus Christi 1982, no pet.). Appellant's fourth point of error is overruled.

In his fifth and sixth points of error, appellant argues that the trial court erred in denying appellant's first motion for continuance and in overruling his motion for mistrial. We disagree.

At the conclusion of the testimony of the state's eyewitness, the state asked that the witness be excused. Appellant indicated that he "may possibly need to recall" the witness. The court asked appellant if he could excuse the witness subject to recall and appellant agreed. When the trial reconvened the next Monday, appellant noted that the witness was absent and he "anticipated possibly calling him" to testify. The state replied that the witness had been instructed to return at 9:00 a.m. Monday, but that he was not in the courthouse. When the state rested, appellant called the eyewitness to the stand. When the baliff

announced that the witness was not present, a writ of attachment was issued. The jury was sent home for the day. Appellant moved for a continuance the following day, because the witness was still absent and requested that the case be reset if the witness was not located within the next few days. Appellant alternatively made a motion for mistrial. Both the motion for continuance and the motion for mistrial were based on the contention that appellant would be denied his right to counsel, right to confrontation of witnesses, and right to due process as guaranteed by the United States and Texas Constitutions. The court, after hearing appellant's arguments and reasons for requesting the witness, denied the motions. We are not persuaded by appellant's arguments that he was denied a fair trial and that the court erred in denying the motion for continuance and in overruling the motion for mistrial.

■ After a trial has commenced, the court may grant a motion for continuance when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the appellant is so taken by surprise that a fair trial cannot be had. Tex.Crim.Proc. Code Ann. Article 29.13. Absent an abuse of discretion, the court's decision to grant or deny a continuance will not be overturned. *Guerrero v. State,* 487 S.W.2d 729, 732 (Tex.Crim.App.1972).

■ We find that appellant has failed to show that the trial court abused its discretion and that he was denied a fair trial. Appellant contends that had the eyewitness been present, he would have questioned the witness about the following topics:

1. The type of corrective lenses, if any, he used;
2. If he suffered from night blindness or any other eye defect;
3. If he had corrective lenses with him, if any were needed;
4. What he was told by the officers when they took him to the motor vehicle;
5. Whether the officers told him they felt they found the right man;
6. The light sources at the particular location;
7. The direction from which the light emitted;
8. The facial hair of the suspects;
9. The clothing of the suspects;
10. Whether either person had a screwdriver or flashlight;
11. Time of certain events;
12. The witnesses whereabouts earlier in the evening;
13. Whether the eyewitness was fatigued or sleepy.

The record reflects that many of these topics were covered during the initial cross-examination of the witness. At that time, appellant had the opportunity to question the witness about the other topics such as his eye sight, physical characteristics of the suspects and any conversation that occurred between the officers and the appellant. Appellant fails to demonstrate why these unasked questions denied him a fair trial. Appellant's fifth and sixth points of error are overruled.

■ Finally, in his seventh point of error, appellant argues that the court's charge erroneously instructed the jury regarding the effect of "good conduct time." We disagree.

This court has specifically held that this instruction is constitutional and not misleading. *Ruiz v. State,* 726 S.W.2d 587 (Tex.App.—Houston [14th Dist.] 1987, pet. granted); *Casares v. State,* 712 S.W.2d 818 (Tex.App.—Houston [1st Dist.] 1986, pet. granted.) Appellant's seventh point of error is overruled. The judgment is affirmed.