IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-288-CR





NATHANAEL CABNESS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 90-187, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 





 After finding the appellant guilty of the offense of burglary of a building, Tex.
Penal Code Ann. § 30.02(a)(1) (West 1989), the jury assessed punishment, enhanced by two prior
felony convictions, at imprisonment for fifty years. In a single point of error, appellant asserts
the trial court erred in overruling his motion for an instructed verdict because the evidence is
insufficient to establish that appellant entered the building with the intent to commit theft. We will
overrule appellant's point of error and affirm the judgment of the trial court.

 When reviewing a challenge to the sufficiency of the evidence to support a
conviction, an appellate court must determine whether, viewing the evidence in the light most
favorable to the conviction, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Butler
v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989).

 The Court of Criminal Appeals in Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988), elaborated on the correct way to apply the Jackson standard:


 The court is never to make its own myopic determination of guilt from reading the
cold record. It is not the reviewing court's duty to disregard, realign or weigh
evidence. This the factfinder has already done. The factfinder, best positioned to
consider all the evidence first hand, viewing the valuable and significant demeanor
and expression of the witnesses, has reached a verdict beyond a reasonable doubt. 
Such a verdict must stand unless it is found to be irrational or
unsupported by . . . the evidence, with such evidence being viewed under the
Jackson light. Concrete application of the Jackson standard is made by resolving
inconsistencies in the testimony in favor of the verdict.



 There is no direct evidence showing that appellant had the intent to commit theft. 
The intent to commit theft is an essential element of the offense of burglary of a building. Tex.
Penal Code Ann. § 30.02 (a)(1). Intent may be inferred from acts, words and conduct by the
accused. Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). Whether the accused
possessed the requisite intent is a question to be determined by the trier of facts from all the facts
and circumstances in the case. Hemphill v. State, 505 S.W.2d 560, 562 (Tex. Crim. App. 1974). 
In Hankins v. State, 646 S.W.2d 191, 199 (Tex. Crim. App. 1981), the court stated that direct
and circumstantial evidence are to be treated with equal dignity. In Carlsen v. State, 654 S.W.2d
444, 449 (Tex. Crim. App. 1983), the court adopted the Jackson v. Virginia standard for
reviewing the sufficiency of the evidence in all cases, direct and circumstantial. However, the
court went on to say that it was not abolishing the old "exclusion of reasonable hypothesis" test, (1)
stating that it would remain a criterion to be considered in reviewing circumstantial evidence
cases. In reviewing appellant's contention that the court erred in overruling his motion for
instructed verdict, we consider all the evidence since appellant's complaint is "in actuality a
challenge to the sufficiency of the evidence." Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim.
App. 1990).

 It is undisputed that co-defendants Derrick Anderson and John Toth entered a
vacant house without the owner's permission and removed stereo equipment without the owner's
consent. Appellant remained in the truck, parked approximately ten feet from the back of the
house, while the stolen goods were loaded on the truck. Since there is no evidence that appellant
entered the building, for him to be guilty of burglary, he must be shown to have acted as a party
to the offense. Alexander v. State, 607 S.W.2d 551, 553 (Tex. Crim. App. 1980). The court
instructed the jury on the law of parties pursuant to the provisions of Tex. Penal Code Ann. §
7.02 (West 1974). In determining whether there is sufficient evidence to show that appellant acted
with the others to commit burglary, we can look to events before, during and after the commission
of the offense. Thompson v. State, 697 S.W.2d 413, 416 (Tex. Crim. App. 1985).

 Appellant directs our attention to the fact that he went to the police station and
made a voluntary statement on the evening following the offense. Appellant's statement recites
that Toth and Anderson asked him to drive to the house in question where he observed them place
the stereo and speakers "into the back of the truck I was driving." The statement further reflects
that he drove Anderson and Toth to Toth's house where the stereo and speakers were unloaded. 
While the statement does not reflect that appellant lacked knowledge that the property was being
stolen, Anderson, a witness for appellant, testified that appellant came to his house after the stereo
equipment had been unloaded and asked why he was not told that the items were stolen. 
Anderson related that appellant told him that he was already on probation and that he was going
to turn himself in to the police. Anderson further testified that appellant declined to drive to the
front of the victim's house. After the stereo equipment was loaded on the truck, Anderson stated
that appellant said, "Look, somebody is watching us."

 Robert Lewis testified that on the occasion in question he saw a pickup "come in
front of my house, jump the curb, and go up to her [victim's] house." While Lewis was unable
to identify the driver of the pickup, he recognized Anderson as the person he saw come out of the
house with the stereo equipment that Anderson and another person loaded on the truck. His wife,
Crystal Lewis, telephoned Karen Thompson, the owner of the house, and gave her the license
number of the truck. During the telephone conversation, Thompson saw the truck described by
Lewis pass in front of the store where she was working. Thompson identified appellant as the
driver of the truck and Anderson as the person sitting on the stereo equipment in the back of the
truck.

 Luling police officer Kenneth Thick testified that his investigation "indicated there
was forcible entry" at the back door of Thompson's house. Thick located the truck described as
the vehicle used in the burglary at Toth's residence. Appellant was standing near the truck and
denied knowing anything about a burglary. Later the same evening appellant approached Thick
at the police station and told Thick that he "felt bad . . ." and volunteered to give a statement.

 Appellant urges that his action in making a voluntary statement to the police after
he talked to Anderson following the unloading of stolen property at Toth's house creates an
unrebutted reasonable hypothesis that he did not know that an offense was being committed. The
jury, as the trier of the facts, was not required to accept any inference of appellant's lack of
knowledge of criminal activity that may have resulted from appellant's voluntary statement.

 It is undisputed that appellant drove Anderson and Toth to the scene, waited for
them and drove them away with the stolen merchandise. Appellant's proximity to the place where
forcible entry to the house was gained, his refusal to drive to the front of the victim's house and
his expressed awareness of being seen by others constitute additional circumstances the jury was
entitled to consider. Viewing the evidence in the light most favorable to the verdict, we conclude
it is sufficient to show that appellant was a party to the offense. The evidence is sufficient to
support the conviction. Appellant's point of error is overruled.


 The judgment is affirmed.


 

 Tom G. Davis, Justice

[Before Justices Jones, B.A. Smith and Davis*]

Affirmed

Filed: December 9, 1992

[Do Not Publish]




































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.  Carlsen was prospectively overruled in Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991). Carlsen is applicable to the instant case tried in April 1991.