Randall Ray TOMPKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 47095.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

is other evidence of an incriminating nature which tends to connect the accused with the commission of the offense. e. g. Colunga v. State, Tex.Cr.App., 481 S. W.2d 866 (1972) ; Cherb v. State, Tex. Cr.App., 472 S.W.2d 273; Thomas v. State, 166 Tex.Cr.R. 331, 313 S.W.2d 311; Welden v. State, 10 Tex.App. 400. The mere showing that an offense occurred is not sufficient corroboration. Colunga v. State, supra; Odom v. State, Tex.Cr.App., 438 S.W.2d 912; Edwards v. State, Tex.Cr.App., 427 S.W.2d 629. Thus, evidence which verifies extraneous matters without tending to connect the accused to the crime is insufficient."

Grady Inzer, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The conviction is for burglary; the punishment, two years.

Appellant was convicted upon the testimony of Jay Merritt Burnett, an accomplice witness, combined with the testimony of five other witnesses. In his first ground of error on appeal, appellant asserts that the corroborative evidence is insufficient to connect him with the offense committed, as required by Article 38.14, Vernon's Ann.C.C.P., to sustain a conviction had upon the testimony of an accomplice witness.

This court in Reynolds v. State, Tex.Cr. App., 489 S.W.2d 866, 872, stated the rule for corroboration required by Article 38.14, supra, as follows:

"The test for determining the sufficiency of such corroboration is to eliminate the evidence of the accomplice from consideration and then ascertain whether there

The state's first witness, Rebecca McLane, testified that she observed the offense from 300 yards away and that she saw two white males break into the Smith house, but she could not recognize either of them from that distance, or even identify appellant by his clothing.

The state's next witness was Charles McLane, who testified that he went to the scene and saw two white males running into the woods. After firing his pistol into the air, one returned to the scene but the other kept running. McLane stated the closest he was to the one who escaped was 100 yards, and that he could not recognize him from that distance.

Next, Leonard Smith testified as to the commission of the offense. His only testimony regarding appellant was that he knew him because he had dated the witness' daughter a time or two. Mrs. Smith also testified as to the commission of the offense. Her only testimony regarding appellant was that she had known him for four or five years, and that he had dated her daughter on one occasion almost two years before the burglary. Neither of the Smiths gave testimony which could be said to have connected appellant with the crime.

The only remaining witness to whom we may look for corroboration of the accomplice witness is Clyde Arthur of the Gregg County Sheriff's Department. He testified

that he went to the Smith residence after a call on the morning of the offense; that because of a radio call that one "subject" was loose, he did not stop at the house; that there were woods all around, and the "subject" was described as a young tall white male; that he patrolled the area for about thirty minutes without seeing anyone; that he received a call that "a boy" was walking on a nearby road; and that he located "the boy", who was appellant, about three-quarters mile from the Smith residence. He asked appellant what he was doing and was told he was hunting blackberries. When he was asked where his bucket was and how he got there, appellant said his mother had brought him, and that he was on his way to call his mother and tell her to bring the bucket because he had found the berries. He then drove appellant to the scene of the offense.

The state in its brief argues that the testimony of Arthur was sufficient to satisfy the requirement of Article 38.14, V.A.C.C.P., citing Bird v. State, Tex.Cr.App., 423 S.W.2d 919, and Cawley v. State, 166 Tex. Cr.R. 37, 310 S.W.2d 340, for the proposition that:

> "Proof that accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect accused with the commission of the crime, so as to furnish sufficient corroboration to support a conviction when coupled with suspicious circumstances, such as [unseasonableness of the hour, without reasonable explanation therefor] * * * being in the company of the accomplice, * * * subsequent flight * * *." 23 C.J.S. Criminal Law § 812, p. 118, quoted with approval in *Cawley*, supra, at 342.

Appellant herein was stopped by Arthur over thirty minutes after the offense, at a distance of about three-quarters mile from the scene. There was no testimony of flight by appellant, as was present in *Cawley*, supra. The detention of appellant occurred in broad daylight.

We conclude the proximity of appellant to the offense was insufficient to corroborate the accomplice witness in and of itself (Cf. Browning v. State, Tex.Cr.App., 451 S.W.2d 234), and did not furnish sufficient corroboration even when coupled with the other testimony to meet the requirements of Article 38.14, supra. Cf. Rogers v. State, Tex.Cr.App., 461 S.W.2d 399.

The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.