Chad Wayne **JESTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–00–00153–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 24, 2001.

Decided Nov. 28, 2001.

Ebb B. Mobley, Attorney At Law, Long-view, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

A jury convicted Chad Wayne Jester of murdering Raymond Howell. The jury assessed Jester's punishment at fifty years' confinement. On appeal Jester contends that the trial court erred by giving an improper instruction regarding accomplice witness testimony, by denying his motion for an instructed verdict, and by entering, without sufficient evidence, an affirmative finding on the use of a deadly weapon. For the reasons stated below, we overrule these contentions and affirm the judgment.

Jester first argues that the trial court erred by failing to instruct the jury that witness Wesley Bradford was an accomplice as a matter of law. The trial court instructed the jury that whether Bradford was an accomplice was a question of fact, and if they found him to be an accomplice, they must find that Bradford's testimony was sufficiently corroborated before it could be considered. Jester objected and

requested that the trial court instruct the jury that Bradford was an accomplice as a matter of law. The court overruled the objection. Because we find that the evidence does not clearly show that Bradford was an accomplice, the court did not err in failing to give the requested instruction.

Jester also asks that we hold that any person who has received a grant of immunity to an offense is an accomplice to that offense as a matter of law. Because the current rule fully safeguards the defendant's right to confrontation and adequately ensures the reliability of the evidence while leaving the resolution of disputed facts squarely within the purview of the jury, we decline Jester's invitation to make such a holding.

An accomplice witness is a witness who participated with a defendant before, during, or after the commission of a crime. *McFarland v. State*, 928 S.W.2d 482, 514 (Tex.Crim.App.1996); *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex.Crim.App. 1986). A person is an accomplice if there is sufficient evidence connecting him to the criminal offense as a blameworthy participant. *Blake v.. State*, 971 S.W.2d 451, 455 (Tex.Crim.App.1998). The participation necessary to be considered an accomplice must involve an affirmative act or omission by the witness to promote the commission of the offense. *Id.* at 454; *McFarland v. State*, 928 S.W.2d at 514. One who is or can be indicted for the same offense with which a defendant is charged, or for a lesser included offense based on participation in the commission of the greater offense, is considered an accomplice as a matter of law. *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex.Crim.App.1991). The test is whether there is sufficient evidence in the record to support a criminal charge against the witness based on the indictment on which the defendant is tried. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.

Crim.App.1987). Whether the witness is actually charged with a crime for participation in the offense is irrelevant; what is relevant is what is shown by the evidence. *Blake v. State*, 971 S.W.2d at 455. A witness may be deemed an accomplice as a matter of law when there exists no doubt as to his participation, or when the evidence clearly shows that he is an accomplice. Where a witness is deemed an accomplice as a matter of law, the trial court is under a duty to so instruct the jury. *Id.*

A person who is merely present at the scene of an offense, however, is not an accomplice. *Id.* Knowing about a crime and not disclosing it is not sufficient to make one an accomplice. *Id.; Kunkle v. State*, 771 S.W.2d at 439. Evidence showing that the witness was present during the commission of the crime and participated in concealing the crime is not necessarily sufficient to raise the issue of accomplice status. *Smith v. State*, 721 S.W.2d 844, 851 (Tex.Crim.App.1986). If evidence presented by the parties is conflicting, the issue of whether an inculpatory witness is an accomplice is properly left to the jury as a fact question under instructions defining the term "accomplice." *Blake v. State*, 971 S.W.2d at 455. This is true even if the evidence shows more likely than not that the witness is an accomplice as a matter of law. *Gamez v. State*, 737 S.W.2d at 322.

Bradford was one of thirty witnesses who testified during the State's case-in-chief. The evidence showed that Bradford was aware of the crime, that he was present at the scene the night of the killing, that he had observed Jester disposing of the murder weapon, and that he had not reported the crime to the police. Bradford also testified that he believed Jester only intended to vandalize the victim's car and that he was unaware of Jester's intent to kill Howell. Bradford further testified that he had left the scene

and was walking away at the time the fatal shot was fired. On cross-examination, Jester elicited testimony not only that Bradford was granted transactional immunity from any crime arising out of the death of Howell, but that the State further agreed to dismiss with prejudice all criminal charges pending against Bradford (including one drug charge and two burglary charges), as well as to modify the terms of his then-current probation. Jester also introduced evidence that Bradford had at one time told his ex-wife that he, not Jester, had killed Howell. On cross-examination, the State elicited testimony that Bradford had later retracted the statement. The State also disputed the content of this statement by Bradford and offered an alternate explanation for it.

There is conflicting evidence in the record regarding Bradford's participation in Howell's murder. Jester has raised sufficient evidence to justify submitting the issue of his status as an accomplice to the jury as a fact issue. *See Blake v. State,* 971 S.W.2d at 455. The record does not clearly show, however, that Bradford was an accomplice as a matter of law, and Jester was not entitled to an instruction to that effect. This issue was properly submitted as a question of fact for the jury to decide. Paragraph 3 of the court's charge defines "accomplice" and explains the corroboration requirement. Paragraph 4 applies paragraph 3 to the facts of the case:

Now, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you further believe from the evidence that the witness Wesley Bradford was an accomplice, as that term is defined in the foregoing instructions, then you cannot convict the defendant upon the testimony of the said Wesley Bradford unless you first believe that the testimony of the said Wesley Bradford is true and that it shows the defendant is guilty as

charged in the indictment; even then you cannot convict the defendant unless you further believe that there is other evidence in the case, outside of the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

There was no error in declining to instruct the jury that Bradford was an accomplice as a matter of law.

 Jester nevertheless contends that the State's grant of immunity to Bradford conclusively makes him an accomplice. A witness *who is indicted* for the same offense as the accused, but is promised immunity in exchange for testifying against the accused, is an accomplice witness as a matter of law. Bradford was not indicted for the murder of Howell. The fact that Bradford was granted immunity, standing alone, does not render him an accomplice as a matter of law. *See Moulton v. State,* 508 S.W.2d 833, 836 (Tex. Crim.App.1974). The test requires the evidence to clearly show that Bradford participated in the crime and could be charged under the same indictment as Jester. *Blake v. State,* 971 S.W.2d at 455.

 At oral argument, Jester asked us to adopt a new rule: any witness who is granted immunity should be deemed an accomplice as a matter of law. We decline to do so. We have found no authority supporting such a rule, and we discover no sound basis for such a rule. The general policy behind the accomplice witness rule is that an accomplice is a discredited witness, and his testimony is to be carefully scrutinized because he may have an interest in the outcome of the trial in which he is testifying. *Hilton v. State,* 975 S.W.2d 788, 792 (Tex.App.—Texarkana 1998, pet. ref'd). Many witnesses are granted immunity for crimes completely unrelated to the

case in which they testify.[1] A grant of immunity in those instances does not necessarily discredit the witness' testimony in another proceeding. Moreover, even if the immunity applies to the offense about which a person testifies, the grant of immunity does not always mean that the recipient of the immunity is guilty of the crime. The prosecution may have doubts about the accomplice's guilt, but still grant him immunity in order to induce him to give testimony that the prosecution might not otherwise be able to procure.

The accomplice witness corroboration requirement properly serves the interests of justice by protecting the interest of the defendant while preserving competent evidence for use by the trier of fact. In this case, Jester was able to fully explore Bradford's credibility and bias on cross-examination, and to put before the jury any facts that would tend to establish ill feelings, bias, motive to testify, or vulnerable relationship with the State. *See McDuff v. State*, 939 S.W.2d 607, 618 (Tex. Crim.App.1997). The current rule protects the defendant by subjecting the testimony at issue to the crucible of adversarial testing, including full and effective cross-examination. *See Davis v. Alaska*, 415 U.S. 308, 319, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The jury is completely and fully instructed on the accomplice witness rule, but is left to judge for itself the credibility of the evidence and the soundness of the arguments presented. This is nothing more than the jury's role on any disputed fact question. Absent conclusive evidence, this issue is inappropriate for determination other than by the trier of fact. The current test also avoids arbitrary impairment of untainted, probative evidence from nonaccomplices and thereby

promotes the basic objective of the justice system—the search for the truth.

In his second point of error, Jester argues the evidence is legally insufficient to support the guilty verdict, and the trial court therefore erred by overruling his motion for an instructed verdict. Jester's argument on this point is based on Bradford being an accomplice as a matter of law and his testimony being insufficiently corroborated. Because Bradford was not an accomplice as a matter of law, and because there is sufficient evidence to support the verdict, we overrule Jester's contention on this issue.

A challenge to the trial court's ruling on a motion for instructed verdict is in actuality a challenge to the legal sufficiency of the evidence to support the verdict. *Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993). In reviewing a legal sufficiency challenge, we view the entire body of evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State*, 937 S.W.2d 479, 482–83 (Tex.Crim.App.1996).

Jester argues that under *Cook* Bradford's testimony must be excluded from consideration in evaluating the sufficiency of the evidence. *See Cook v. State*, 858 S.W.2d at 470. This position is incorrect. As was shown above, Bradford was not an accomplice as a matter of law. Whether Bradford was an accomplice in fact was an issue for the jury to decide, but was not submitted as a separate special issue. The jury returned a general verdict of guilty. Therefore, we do not

1. Bradford was granted immunity on unrelated charges, but was also granted transaction-al immunity for the case in which he agreed to testify.

know whether the jury found Bradford to be an accomplice. As shown above, there is adequate evidence in the record to support a finding that Bradford was not an accomplice. We need not inquire as to the jury's finding on this issue, however, as Bradford's testimony is sufficiently corroborated even if Bradford was an accomplice. *See* TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon Supp.2001).

 There is sufficient corroboration if, disregarding Bradford's testimony, there is other evidence that tends to connect Jester to the crime. *See* TEX.CODE CRIM. PROC. ANN. art. 38.14. The corroboration is insufficient if it merely shows the commission of the offense, but the fact that the crime was committed is a factor to be considered along with other factors in determining whether there is sufficient independent evidence to corroborate the accomplice witness's testimony. *Reed v. State*, 744 S.W.2d 112, 126 (Tex.Crim.App. 1988). Corroboration need not directly link the accused to the crime or be sufficient in itself to establish guilt. Even seemingly insignificant circumstances may be sufficiently corroborating provided they tend to connect the defendant with the offense.

Other evidence, unconnected to Bradford, showed that Jester had stolen guns from Howell, that Jester and Howell had argued about this matter, and that Howell feared that he was in danger from Jester. Several witnesses testified to admissions by Jester that he had taken the guns, and that if Howell continued to "mess with" him, Jester would kill him. This evidence sufficiently connects Jester to the crime to corroborate Bradford's testimony. Bradford's testimony placed Jester at the scene at the time of Howell's death, with a shotgun in his hand. Bradford heard a shot fired, and later saw Jester first hiding, then disposing of, the same gun. Other evidence showed that Howell was killed by a shotgun blast. Viewing the evidence in the light most favorable to the verdict, there is sufficient evidence to support the jury's guilty verdict. *See Williams v. State*, 937 S.W.2d at 482–83.

Finally, Jester argues that the deadly weapon finding should be stricken from the judgment because the evidence is insufficient to support the entry of an affirmative finding of the use of a deadly weapon. Jester also bases this argument on Bradford's status as an accomplice as a matter of law and on the need for corroboration. At oral argument, Jester abandoned this point in light of the decision of the Court of Criminal Appeals in *Vasquez v. State*, where the Court held that the corroboration requirements of Article 38.14 are inapplicable to the testimonies of accomplice witnesses regarding the use or exhibition of a deadly weapon. *Vasquez v. State*, 56 S.W.3d 46, 48, 2001 Tex.Crim. App. LEXIS 67, at *6 (Tex.Crim.App. 2001).

For the reasons stated, we affirm the judgment.