Nicky Edward **GREEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–01–00120–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 28, 2002.

Decided March 20, 2002.

---

Chris M. Dillon, Bastrop, for appellant.

Renee Ann Myeller, Burleson County District Attorney, Brenham, Stephen C. Taylor, Pro Tem, Galveston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Nicky Edward Green appeals his conviction in a jury trial for the manufacture of methamphetamine in an amount of four or more grams but less than 200 grams. The jury assessed Green's punishment at life imprisonment plus a fine of $5,000.00.

Green raises four issues for our review. He contends that the trial court erred in

denying his request for an accomplice witness instruction; that the evidence is insufficient to support his conviction because it is based on insufficiently corroborated testimony of accomplice witnesses; that the trial court erred in admitting evidence of unadjudicated extraneous offenses during the sentencing phase of the trial; and that the trial court erred in failing to instruct the jury on how to consider the extraneous offense evidence. For reasons that follow, we overrule these contentions and affirm the judgment of the trial court.

Police officers executed a search warrant at a mobile home, where they found three persons, Nicky Green, Diane Wright, and Marjorie Ondrasek. They found Green and Wright inside the mobile home and found Ondrasek, Wright's daughter, sleeping outside in a vehicle. Inside the trunk of the vehicle, the police found methamphetamine and the equipment and chemicals necessary to manufacture it. Only Green and Ondrasek were charged with criminal offenses.

■ A conviction cannot be based on the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense, and the corroboration is not sufficient if it merely shows the commission of the offense. *See* TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). A defendant is entitled to an accomplice witness instruction to the jury when trial testimony offered by the state is elicited from an accomplice for the purpose of proving the defendant's guilt. *Selman v. State*, 807 S.W.2d 310, 311 (Tex.Crim.App. 1991). This rule reflects a legislative determination that accomplice testimony implicating another person should be viewed with caution because accomplices often have incentives to lie, in order to avoid punishment or shift blame to another per-

son. *Blake v. State*, 971 S.W.2d 451, 454 (Tex.Crim.App.1998).

■ Our case law has clearly defined those who are subject to the accomplice witness rule. An accomplice is one who participated with the defendant before, during, or after the commission of a crime. *McFarland v. State*, 928 S.W.2d 482, 514 (Tex.Crim.App.1996); *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex.Crim.App.1986). A person is an accomplice if there is sufficient evidence connecting him to the criminal offense as a blameworthy participant. *Blake v. State*, 971 S.W.2d at 455. The participation necessary to constitute one an accomplice must involve an affirmative act or omission by the witness in order to promote the commission of the offense. *Id.* at 454; *McFarland v. State*, 928 S.W.2d at 514.

■ Whether the testifying witness is actually charged with a crime for participation in the offense is irrelevant; what is relevant is what is shown by the evidence. *Blake v. State*, 971 S.W.2d at 455. The test is whether there is sufficient evidence in the record to support a criminal charge against the witness based on the indictment on which the defendant is tried. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim.App.1987). When an accomplice testifies, it is the jury's task to determine whether that testimony has been sufficiently corroborated. Some witnesses are accomplices as a matter of law. If there is no doubt, or if the evidence clearly shows, that a witness is an accomplice, the court has the duty to instruct the jury of this fact and of the necessity of corroborative evidence. *See DeBlanc v. State*, 799 S.W.2d 701, 708 (Tex.Crim.App.1990). Some are accomplices as a matter of fact. If the evidence presented by the parties is conflicting, it is proper to leave the determination of accomplice status to the jury under instructions defining the term "ac-

complice." *Id.; Blake v. State*, 971 S.W.2d at 455. This is true even if the evidence shows more likely than not that the witness is an accomplice as a matter of law. *Gamez v. State*, 737 S.W.2d at 322. Thus, jury submission is favored. *See* 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 31.281 (2d ed. 2001).

■ In our case, the jury charge informed the jury that Ondrasek was an accomplice, and it included general instructions regarding her testimony. Green also asked the court to charge the jury that Wright was an accomplice as a matter of law, but the trial court denied this request. A review of the record leads us to conclude that Wright was not an accomplice as a matter of law. Green did not request the trial court to give an accomplice as a matter of fact instruction concerning Wright.

Wright testified that she went to the mobile home to persuade her daughter, Ondrasek, to return home with her and that she stayed at the mobile home only because her daughter refused to leave. In addition to assisting Green by putting some items used in the drug manufacturing process into buckets, Wright also assisted in loading those buckets into the rental vehicle. She testified she recognized the substances in the buckets and knew what was taking place. She knew Green was making "speed" and testified that the technical name for "speed" is "methamphetamine or amphetamine hydrochloride." A prescription bottle with Wright's name on it was found in the rental vehicle inside a small bag that also contained three syringes, lithium batteries, and other items. The bottle contained amphetamine. Ondrasek testified that the lithium batteries are used in the drug manufacturing process. She also testified that she and Green purchased a large quantity of nonprescription medications that were

used in the manufacturing process and that she and Green "popped" these pills out of their original packaging. Wright testified she may have also "popped out some pills." Wright was arrested at the same time Green and Ondrasek were arrested and spent two days in jail, but she was apparently never charged with an offense. Wright consulted a lawyer before testifying, and he advised her "not to be too forthcoming" or she "might get [her-]self in jeopardy."

■ Based on this evidence, the jury could have disbelieved Wright's testimony that her only purpose for being at the mobile home that evening was to get her daughter to leave. This is especially true considering her testimony that she had been in and out of that home at least twice that day, and on numerous other occasions. This evidence is sufficient to support a finding that Wright acted with intent to promote or assist in the commission of the offense. However, because the evidence of her intent was conflicting, this was a matter for the jury to decide, and as Green did not request an accomplice as a matter of fact instruction, he has not preserved any error of the trial court in failing to give such instruction. Even if he had preserved his complaint, any error would have been harmless because the corroborating evidence of Green's guilt is overwhelming.

■ Green next argues that his conviction cannot stand because it is based solely on the uncorroborated testimony of accomplice witnesses. As Wright was not an accomplice as a matter of law and there is no jury finding that she was an accomplice as a matter of fact, the only accomplice witness was Ondrasek. The test for sufficient corroboration is to eliminate from consideration the accomplice testimony and then examine the other inculpatory evidence to ascertain whether the remain-

ing evidence tends to connect the defendant with the offense. *McDuff v. State,* 939 S.W.2d 607, 612 (Tex.Crim.App.1997). Disregarding Ondrasek's testimony in its entirety, there is nevertheless sufficient evidence connecting Green to the offense. He was found where there was voluminous evidence of illegal drugs and their manufacture. And Wright was an eyewitness to Green's commission of the crime. It is not necessary that corroborating evidence of accomplice witness testimony be of itself sufficient to establish the guilt of an accused. *See Cox v. State,* 830 S.W.2d 609, 611 (Tex.Crim.App.1992). It is not even necessary that such evidence directly connect the accused to the crime. *Id.* It is only necessary that the corroborating evidence tend to connect the accused with the offense. *Id.* There was certainly evidence in this case outside Ondrasek's testimony tending to connect Green to the crime. We overrule Green's second contention.

Green's third issue is that the trial court improperly admitted evidence of unadjudicated extraneous offenses during the sentencing phase of trial without first determining the threshold admissibility of such offenses.

> At the punishment phase of the trial, "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried and, ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act."

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.2002).

 The trial court has the responsibility of determining the threshold admissibility of extraneous offenses in the punishment phase. *Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App.1996). Green does not argue that the evidence fails to show beyond a reasonable doubt that he committed these extraneous offenses; rather, he argues solely that the court did not determine for itself that he had committed these acts before allowing evidence of them to go to the jury. We disagree with Green's reading of the record. The trial judge openly stated that he did not believe the evidence violated Article 37.07 and overruled Green's objection. The court therefore determined that the evidence of the offenses was sufficient to warrant their submission to the jury. Whether such a determination was error is not an issue of which Green now complains, so we will not review it. Green's third contention is overruled.

 Finally, Green complains that the trial court erred in failing to instruct the jury on the reasonable doubt standard of proof concerning the extraneous offense evidence. A defendant is entitled to have the jury instructed on this burden of proof, on request. *Huizar v. State,* 12 S.W.3d 479, 483 (Tex.Crim.App.2000). The jury charge read:

> The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case. This evidence was admitted only for the purpose of assisting you, if it does, in determining the proper punishment for the offense for which you have found the defendant guilty. You cannot consider the testimony for any purpose unless you find and believe beyond a reasonable doubt that the de-

fendant committed such other acts, if any, [sic] were committed.

This charge clearly instructed the jury on the reasonable doubt standard of proof required for the extraneous offense evidence. Green either misreads the jury charge or misstates his objection. It is possible that Green intends to complain that the jury charge did not define "reasonable doubt." This would be an accurate complaint. Nevertheless, such a complaint would have no merit, either. Unless requested by the defendant, a reasonable doubt definition need not be given at the punishment phase. *Id.* (citing *Fields v. State*, 1 S.W.3d 687, 688 (Tex.Crim.App. 1999)). Green did not request such an instruction.

The judgment of the trial court is affirmed.