# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00073-CR

**Walter Painter, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT
### NO. 5197, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

A jury convicted Walter Painter of felony driving while intoxicated and sentenced him to ninety-nine years in prison. *See* Tex. Pen. Code Ann. '' 12.42(d), 49.04(a), .09(b) (West Supp. 2002). In three points of error, appellant contends that: variances between the indictment and proof rendered the evidence legally insufficient to support the jury=s verdict; the trial court improperly admitted an investigator=s testimony identifying appellant=s fingerprints from prior judgments; and the trial court erred in failing to instruct the jury on reasonable doubt in the punishment phase of the trial. We overrule appellant=s points of error and affirm the judgment of conviction.

## BACKGROUND

The State alleged in the indictment that on or about August 22, 2000, appellant was driving while intoxicated in San Saba County, and that he had been previously convicted of DWI on April 21, 1995 in Mills County (the Afirst conviction@) and on February 14, 1995 in cause number G747 in Hamilton

County (the Asecond conviction@).  The State subsequently moved to amend the indictment to correct the date of the first conviction from April 21 to May 15, 1995, and the date of the second conviction from February 14 to February 16, 1995.  The State also sought to correct the cause number of the second conviction from G747 to 6747.  On October 5, 2001, over appellant=s objection, the district court granted the State=s motion and signed an order purportedly amending the indictment.  On October 15, before trial began, defense counsel again objected to proceeding on the amended indictment.  Because the original indictment was not altered or superseded by the time of trial, rather than delay the trial by ten days to permit appellant to respond to the indictment amendment in accordance with the Code of Criminal Procedure, the State elected to proceed to trial on the original indictment.  *See* Tex. Code Crim. Proc. Ann. art. 28.10(a) (West 1989).[1]

---

[1]  Article 28.10(a) provides:

> After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences.  On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

Tex. Code Crim. Proc. Ann. art. 28.10(a) (West 1989).

At trial, the State, through the testimony of the chief criminal investigator for the district attorney=s office, introduced evidence that appellant had two prior convictions for driving while intoxicatedCone on May 15, 1995 in Mills County and one on February 16, 1995 in Hamilton County in cause number 6747. After both sides rested, the district court submitted a jury charge tracking the original indictment referencing the incorrect conviction dates and an incorrect cause number. The jury found appellant guilty of felony driving while intoxicated. At the punishment phase, after finding that appellant had been previously convicted of two other felony offenses, the jury assessed the maximum punishmentCninety-nine years= imprisonment. Appellant=s appeal focuses on the variance between the allegations of the indictment and the proof at trial, the denial of a requested jury instruction at the punishment phase, and the admission of the chief investigator=s testimony.

## DISCUSSION

In his first point of error, appellant argues that the evidence was legally insufficient to show that he had prior convictions because the convictions included in the enhancement paragraphs of the indictment contained incorrect dates and an incorrect cause number. The State responds that any discrepancies between the dates in the indictment and the proof at trial were not material or harmful.

Citing *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001), appellant argues that, if the State makes allegations in the charging instrument, it is bound to prove them. But in *Gollihar*, the court of criminal appeals held that, in the case of an alleged variance between the evidence presented at trial and the allegations of the charging instrument, the applicable test is one of materiality:

> A variance between the wording of an indictment and the evidence presented at trial is fatal only if Ait is material and prejudices [the defendant=s] substantial rights.@ When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Id.* at 257.

A variance must be both material and prejudicial to the defendant before it is fatal. *Human v. State*, 749 S.W.2d 832, 837 (Tex. Crim. App. 2001) (op. on reh=g). For a variance to be material it must mislead the party to his prejudice. *Plessinger v. State*, 536 S.W.2d 380, 381 (Tex. Crim. App. 1976) (admonishing Awhile the carelessness here involved is not to be condoned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice@). A variance between the allegations of the indictment and the proof at trial will not render evidence insufficient so long as the variance does not surprise or prejudice the defendant. *Rojas v. State*, 986 S.W.2d 241, 246 (Tex. Crim. App. 1998); *Human*, 749 S.W.2d at 836; *see also* Tex. R. App. P. 44.2(b). The defendant has the burden of showing surprise or prejudice. *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001). This case is easily resolved under *Plessinger* and *Human.* *See generally Human*, 749 S.W.2d 832; *Plessinger*, 536 S.W.2d 380. *See also Santana*, 59 S.W.3d 187; *Stevens v. State*, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995) (A[O]nly a material variance is fatal.@).

While the indictment could have been more precise, we cannot say, and appellant does not contend, that he was misled or prejudiced by the discrepancies between the indictment and the State=s proof. State=s exhibit 7 shows the date of judgment of the first conviction as May 15, 1995, rather than April 21, 1995, as recited in the indictment. However, both datesCApril 21 and May 15, 1995Cappear

4

on the face of the judgment. State=s exhibit 6 reflects a judgment date for the second conviction of February 16, 1995 and a cause number of 6747, rather than a conviction date of February 14 and a cause number of G747, as recited in the indictment. The slight discrepancy between G747 in the indictment and 6747 on the judgment is controlled by the *Human* court=s decision regarding a similar discrepancy. In that case, the court found that AF7808690@ and AF-78-8690-IQ@ were substantially the same cause numbers. *Human*, 749 S.W.2d at 837-38. Commenting on the history of the variance rule, the court stated: AThe rigid rule that a mere or slight variance between what was alleged and what was proved was sufficient to render the evidence insufficient no longer applies.@ *Id.* at 837.

Here, the court informed the jury that they were entitled to inspect the State=s exhibits evidencing appellant=s prior convictions. Although the indictment recites the sentencing date, rather than the judgment date, on the first and second convictions and an incorrect cause number for the second conviction, the State introduced certified copies of appellant=s conviction judgments that accurately reflected his prior convictions. Appellant does not argue that the State failed to notify him of the judgments and proof it intended to offer at trial. Nor does he argue that he was misled to his prejudice in preparing his defense. Because appellant failed to demonstrate that these slight discrepancies between the indictment and proof at trial surprised him or prejudiced his rights, we conclude the variances were not material; thus, they were not fatal to appellant=s conviction. We overrule appellant=s first point of error.

In point of error two, appellant contends that Athe [district] court erred in overruling [his] request for a reasonable doubt instruction in the punishment charge.@ Appellant submitted the following requested jury charge instruction:

5

> It would be right and proper that the charge of the Court instruct[] the jury that Defendant=s guilt, all prior convictions, if any, and extraneous offense or acts of misconduct be proven beyond a reasonable doubt and if the extraneous offenses or acts of misconduct are found to have occurred, then the jury be instructed of the limited use of the extraneous offenses provided by law.

Prior to the court=s submission of the jury charge at the punishment phase, appellant proffered his requested jury charge instruction along with a definition of reasonable doubt. The district court overruled appellant=s request to include a limiting instruction on the use of the State=s extraneous offense evidence and a definition of reasonable doubt. The submitted charge did, however, instruct the jury that, in order to use extraneous offense evidence, the jury must believe that the State established the existence of the extraneous offenses beyond a reasonable doubt. On appeal, appellant asserts that, because Athe [jury] charge is silent as to the reasonable doubt language to which the Defendant objected[,] it amounts to the Court determining whether or not the Defendant actually committed the extraneous acts alleged rather than the jury.@ We interpret appellant=s contention as challenging the omission of a Areasonable doubt@ definition for purposes of aiding the jury in determining whether the State met its burden of proof with respect to the previous convictions used to enhance punishment pursuant to section 12.42(d).[2] *See Green v. State*, 72 S.W.3d 420, 426

---

[2] Even if we assume appellant is challenging the Court=s failure to give a limiting instruction in the jury charge under Rule 105(a) of the Texas Rules of Evidence, we would still overrule his contention. Article 37.07 prohibits the jury from considering extraneous offense evidence in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that the prior acts are attributable to the defendant. *Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). Once this requirement is met, however, the fact-finder may use the evidence any way it chooses in assessing punishment. *Id.* Thus, once satisfied that appellant had committed the prior offenses, the jury was not limited in its consideration and use of such offenses to increase appellant=s punishment. Further, because appellant cites no authority to support the proposition that rule 105(a) applies during the punishment phase of a trial, he presents nothing for our review. *See* Tex. R. App. P. 38.1.

(Tex. App.CTexarkana 2002, no pet.) (AThis charge clearly instructed the jury on the reasonable doubt standard of proof required for the extraneous offense evidence.  [Appellant] either misreads the jury charge or misstates his objection.@).

A jury charge must include a reasonable doubt *instruction* at the punishment phase of trial when the defendant so requests.  *See Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996). The court of criminal appeals has held, however, that courts should not read either the Code of Criminal Procedure or case law to require the court to give a reasonable doubt *definition* at the punishment phase. *Huizar v. State*, 12 S.W.3d 479, 481 (Tex. Crim. App. 2000) (citing Tex. Code Crim. Proc. Ann. art 37.07; *Fields v. State*, 1 S.W.3d 687, 688, 163 (Tex. Crim. App. 1999)).  In *Paulson v. State*, the court of criminal appeals overruled the requirement for trial courts to instruct juries on the definition of Abeyond a reasonable doubt.@  28 S.W.3d 570, 573 (Tex. 2000) (finding  Athat the better practice is to give no definition of reasonable doubt at all to the jury@).  In the instant case, the trial judge instructed the jury regarding the State=s burden of proving the enhancement allegations beyond a reasonable doubt.  *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1).  Because the charge properly set forth the State=s burden of proof, the trial judge did not err in submitting a charge that failed to include appellant=s requested definition. *See Boyd v. State*, 811 S.W.2d 105, 123 (Tex. Crim. App. 1991); *Santana v. State*, 714 S.W.2d 1, 11-12 (Tex. Crim. App. 1986).  Accordingly, we overrule appellant=s second point of error.

In his third point of error, appellant argues that the district court erred in overruling his objection to the admission of certain testimony at the guilt/innocence phase of the trial.  Specifically, appellant asserts that the testimony of Henry Nolen, the chief criminal investigator for the district attorney=s

7

office, failed to satisfy the requirements for the admission of expert testimony under *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992). Appellant also contends that, because of his close working relationship with the prosecuting attorney, Nolan=s testimony is Avoid for being excessive with prejudice.@ Because appellant did not object to Nolan=s expert qualifications at trial, he waived that issue on appeal. *See* Tex. R. App. P. 33.1. As to his Aexcessive prejudice@ argument, appellant cites no authority for the proposition that the State is precluded from calling an expert witness who works for the same state agency as the prosecutor, *i.e.*, the office of the district attorney. *See* Tex. R. App. P. 38.1(h) (AThe brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.@). Because these contentions present nothing for our review, we overrule appellant=s third point of error.

## CONCLUSION

Having overruled appellant=s three points of error, we affirm the district court=s judgment.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   July 26, 2002

Do Not Publish