Affirmed and Opinion filed October 31, 2002









Affirmed and Opinion filed October 31, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01153-CR

____________

 

RONNIE DALE HUDSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 812,704

 



 

O P I N I O N

Appellant, Ronnie Dale Hudson, was charged by indictment with
capital murder.  He entered a plea of not
guilty, but a jury convicted him of capital murder as charged in the
indictment.  The State did not seek the
death penalty, and the trial court sentenced appellant to life
imprisonment.  On appeal, appellant
contends (1) the trial court erred in excluding evidence of violent extraneous
offenses perpetrated by a State=s witness, and (2) the evidence is legally and factually
insufficient to support his conviction. 
We affirm. 








On April 29, 1999, Cherie Taylor, the complainant, went to
Rascal’s, a Montrose-area nightclub in Houston. 
Shortly before going to the club, the complainant was in possession of
approximately one thousand dollars in cash. 
Upon leaving the club, the complainant saw an acquaintance, Anitra
Jenkins, driving a champagne-colored car. 
Jenkins was accompanied by appellant who was seated in the front
passenger’s seat.  The complainant joined
Jenkins and the appellant, and the threesome departed the club in Jenkins’ car.


Jenkins had a pistol-grip shotgun in the car, and the
appellant proposed they should “jack” someone, i.e., hijack or rob
someone. The complainant offered to lead her companions to a drug dealer they
could rob.  The proposed victim, however,
was not home, so Jenkins, the complainant, and the appellant began driving
around searching for other potential victims. 
Eventually, the appellant became frustrated with the complainant because
she could not find any other prospective victims. 

Jenkins then stopped at a darkened construction site so the
appellant could ostensibly use the restroom. 
However, the appellant exited the car, dragged the complainant from the
back seat, and shot her in the head.  The
shotgun blast sprayed blood inside Jenkin=s car, as well as on the appellant’s
shoes.  The appellant dragged the
complainant’s body a short distance from the car before leaving the scene with
Jenkins.  

I.  Admissibility of
Extraneous Offenses 








In eight issues, appellant contends the trial court erred in
excluding evidence of extraneous offenses allegedly perpetrated by
Jenkins.  Appellant offered, and the
trial court excluded, the testimony of Angela Verdine who said that in April of
1999 Jenkins got into an argument with Verdine’s
boyfriend.  When the boyfriend hit
Jenkins in the mouth, Jenkins began walking toward her car where she kept a
firearm.  Before reaching her car,
however, a friend intervened and talked Jenkins out of doing anything
foolish.  On another occasion, Verdine
claims Jenkins abducted her at gunpoint and subsequently fired at least one
shot in her direction.  Jenkins was
thereafter convicted of aggravated assault stemming from this incidentCa fact which Jenkins admitted while
testifying before the jury.

Appellant contends Verdine’s
testimony, if admitted, would have supported his defensive theory that Jenkins,
not appellant, shot and killed the complainant. 
Appellant claims Verdine=s testimony would have shown Jenkins=s intent to kill Taylor, as well as
her access to a firearm; thus, he argues, Verdine’s
testimony was admissible under Texas Rules of Evidence Rule 404(b).[1]  Appellant further argues the evidence shows
Jenkins had the intent to commit violent offenses and the necessary knowledge
of firearms to do so.  

We review a trial court’s decision to exclude evidence under
an abuse of discretion standard.  Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  An abuse of discretion occurs when the trial
court acts without reference to any guiding principles.  Montgomery v. State, 810 S.W.2d 372,
380 (Tex. Crim. App. 1990); Thompson v. State, 44 S.W.3d 171, 174 (Tex.
App.CHouston [14th Dist.] 2001, no
pet.).  The standard requires us to
uphold a trial court’s decision when that decision is within “the zone of
reasonable disagreement.”  Powell v.
State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).  

Generally, evidence of crimes, wrongs, or acts are not
admissible to show that a person acted in conformity with that character on the
occasion in question.  Tex. R. Evid. 404(b).  Such evidence may only be admitted if it
shows proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. 
Id.

Here, appellant has not provided us with any explanation as
to how Verdine’s testimony is rationally related to
showing she had an intent to kill Taylor. 
Moreover, we cannot discern any logical relevance for Verdine’s testimony other than to show Jenkins acted in
conformity with her allegedly violent character.








Appellant also contends the trial court erred in excluding
the evidence because the testimony was more probative than prejudicial.  As we have already held, however, the
evidence was not relevant apart from showing Jenkins’s character conformity on
the occasion in question.  Thus, it is
unnecessary to apply the Rule 403 balancing test here because the evidence is “substantially
outweighed” by the danger of unfair prejudice as a matter of law.  Montgomery, 810 S.W.2d at 387.  Appellant’s first eight issues are
overruled.  

II.  Legal and Factual
Insufficiency 

In his ninth and tenth issues, appellant argues the evidence
is insufficient to support his conviction. 
Specifically, appellant contends Jenkins was an accomplice witness as a
matter of law and, thus, his conviction cannot be supported by Jenkins’
testimony unless corroborated by other evidence tending to connect him with the
offense.   Tex. Code Crim. Proc. Ann. Art. 38.14 (Vernon 1979).  Because Jenkins= testimony was not sufficiently
corroborated, appellant claims her testimony may not be considered in support
of the jury=s verdict.  

An accomplice witness is someone who participated before,
during, or after the commission of the crime. 
Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998).  The participation necessary to be considered
an accomplice must involve an affirmative act or omission by the witness to
promote the commission of the offense.  Jester
v. State, 62 S.W.3d 851, 854 (Tex. App.CTexarkana 2001, pet. ref’d).  A person who is merely present at the scene
of an offense is not an accomplice.  Long
v. State, 10 S.W.3d 389, 393B394 (Tex. App.CTexarkana 2000, pet. ref’d).  In fact, one is not an accomplice for knowing
about a crime and not disclosing it, or even concealing it.  Id. 
Furthermore, a witness= complicity with the accused in the commission of another
crime does not make her an accomplice to the offense for which the accused
stands trial.  May v. State, 618
S.W.2d 333, 340 (Tex. Crim. App. 1981).  








Some witnesses are accomplices as a matter of law.  For example, a person is an accomplice as a
matter of law if he or she was indicted, or could be indicted, (1) for the same
offense with which the defendant is charged or (2) for a lesser included
offense based upon alleged participation in commission of the greater
offense.  Mize v. State, 915 S.W.2d
891, 894 (Tex. App.CHouston [1st Dist.] 1995, pet. ref’d);  Jester, 62 S.W.3d at 854.  If there is no doubt, or if the evidence
clearly shows, that a witness is an accomplice, the trial court has the duty to
instruct the jury of this fact and of the necessity of corroborative evidence.  DeBlanc v. State, 799 S.W.2d 701, 708
(Tex. Crim. App. 1990).

Some witnesses are accomplices as a matter of fact.  For example, if the evidence presented by the
parties is conflicting, it is proper to leave the determination of accomplice
status to the jury under instructions defining the term “accomplice.”  Green v. State, 72 S.W.3d 420, 423 (Tex.
App.CTexarkana 2002, no pet. h.) 

Here, the evidence presented by the parties regarding Jenkins’
participation in the murder was conflicting, i.e., Jenkins and appellant
both denied involvement and blamed each other for having perpetrated the
offense.  Accordingly, the trial court
instructed the jurors on the law regarding accomplice witnesses and properly
left the issue of Jenkins’ status to their determination.  Because Jenkins was not an accomplice as a
matter of law, we must assume that to the extent Jenkins= testimony was necessary to sustain
appellant=s conviction, the jury found she was
not an accomplice.  Worthen v. State,
59 S.W.3d 817, 821 (Tex. App.CAustin 2001, no pet.). 
Even if the jury concluded that Jenkins’ was an accomplice, the record
contains sufficient evidence to corroborate her testimony.








To support a conviction when accomplice testimony is used,
the State must present nonaccomplice evidence tending to connect the defendant
to the offense.  Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979); Colella
v. State, 915 S.W.2d 834, 838 (Tex. Crim. App. 1995).  The corroborating evidence need not directly
connect the defendant to the crime or be sufficient by itself to establish
guilt; rather, it need only tend to connect the defendant to the offense.  Cathey v. State, 992 S.W.2d 460, 462
(Tex. Crim. App. 1999).  If the combined
weight of the nonaccomplice evidence tends to connect the defendant to the
offense, the requirement of article 38.14 has been fulfilled.[2]  Id.

Here, the State presented evidence that (1) shoe patterns
found at the crime scene matched the type of shoes worn by appellant; (2) upon
his return home, appellant told his girlfriend, Corina Pinkston, that he killed
a girl in Houston; (3) Pinkston also noticed appellant was nervous; (4)
appellant obtained cleaning supplies from Pinkston, including Pinesol, bleach,
and detergent; and (5) although appellant did not take any clothes with him on
the night of the murder, he returned home wearing different clothes.  Taken together, this evidence tends to
connect appellant to the complainant’s murder. 
Therefore, we conclude that the record contains more than sufficient
evidence to meet the corroboration requirements of article 38.14 of the Texas
Code of Criminal Procedure.  Appellant’s
ninth and tenth points are overruled.  

The judgment of the trial court is affirmed.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed October 31, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Rule 404(b)
governs the admission of extraneous offenses not only against the accused, but
against third persons as well.  Castaldo
v. State, 78 S.W.3d 345, 349 (Tex. Crim. App. 2002).  





[2]  Appellant
argues that the evidence presented at trial was legally and factually
insufficient to corroborate the testimony of the accomplice witness.  However, appellate courts should not impose
legal and factual sufficiency standards upon a review of accomplice witness
testimony under article 38.14.  Cathey,
992 S.W.2d at 462.