COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RONALD EVAN RICHARDSON,                      )

                                                                              )              
No.  08-03-00422-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
70th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )                   (TC# A-30,052)

                                                                              )

 

 

O
P I N I O N

 

Ronald Evan
Richardson appeals his conviction by a jury of the offense of burglary of a
building.  The trial court assessed his
punishment at 2 years in the Texas Department of Criminal Justice, State Jail
Division, and a fine of $1,000, and ordered him to pay attorney=s fees, court costs, and
restitution.  Richardson contends in two
issues that the trial court committed reversible error in failing to include an
accomplice witness testimony charge when the prosecution depended upon the
testimony of a witness who was an accomplice witness as a matter of law, and
whose testimony was not corroborated, and that the evidence is insufficient to
support his conviction because the accomplice witness=s
testimony was not corroborated.  We
affirm.  








Richardson
contends in Issue One that the trial court erred by failing to submit an
instruction that a witness, Crystal Keith, was an accomplice witness as a
matter of law.  A conviction cannot be
had upon the testimony of an accomplice unless corroborated by other evidence
tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the
offense.  Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 2005).  A person who is merely present is not an
accomplice; an affirmative act or omission is required.  Blake v. State, 971 S.W.2d 451, 454
(Tex.Crim.App. 1998).  An accomplice
participates before, during, or after the offense.  Id. 
One is not an accomplice for knowing about the crime and failing to
disclose it.  Id.  A person is an accomplice if he or she could
be prosecuted for the same offense as the defendant.  Id. at 454-55.

Keith testified
that she lived with Richardson.  She
indicated that Richardson, after about a month, started hitting her for saying
or doing something wrong, and that she would never know in advance when he was
going to do it.  She related that
Richardson and Cody Weathers talked about going to a place of business in
Odessa called Trucks and Parts because they wanted to break in to get some rims
to sell to get money.  She said that she,
Weathers, Weathers=
girlfriend, and Richardson arrived at Trucks and Parts about midnight on the
day of the burglary.   She stated that
Weathers was driving, but that his girlfriend took over once they arrived.








Keith testified
that Richardson and Weathers entered Trucks and Parts through the side gate
after cutting off the locks.  She related
that Richardson told her that they entered the storage building where the rims
and tires were kept through the back door. 
Keith denied ever leaving the truck. 
Keith indicated that she and Weathers=s
girlfriend just drove back and forth in front of the place for two to three
hours.  She related that Richardson and
Weathers loaded a trailer and then hooked it up to the back of the truck.  Keith denied doing anything to attempt to aid
or encourage the commission of the offense. 
She stated that Weathers told his girlfriend to keep an eye out for
police, but that he did not tell her to do anything.  She said the only reason she was there was so
that Richardson could keep an eye on her because she had threatened to leave
him.  Keith related that Weathers took
over the driving again after the rims were loaded.  She stated that they took the rims to a
salvage yard in Abilene because Athey
didn=t want it
to come back on them here in their hometown.@  She acknowledged that she rode with them to
Abilene, but did none of the driving. 
She insisted that she was never allowed to know how much money they
received from this transaction.

Keith indicated
that she did not recall when she went to the police to tell about this matter,
but that she was five months pregnant when she did.  She said she went to the police because her
conscience said it needed to be told. 
She said she separated from Richardson and went to live with her
parents.

On
cross-examination, Keith insisted that she was present at the burglary because
if she had told Richardson that she did not want to go, he would have beaten
her.  With respect to the several months= delay before she told police, she
testified that she was still living with Richardson, and that she reported the
matter to the police within a few days after separating from him.  She related that when she was with
Richardson, she was always with him or some member of his family, except when
she went to the store to buy him cigarettes. 
She said that those trips were timed. 
She stated that she was scared because Richardson had threatened her
family.  She insisted that she was never
allowed to use the telephone, but that no one had a gun to her head.








The record in this
case shows no more than the mere presence of Keith at the scene of this offense
and the disposition of the property, as well as her knowing about the offense
and failing to disclose it.  Therefore,
the evidence shows that Keith could not have been prosecuted for this offense
and was therefore not an accomplice witness. 
The trial court must submit an instruction that one is an accomplice as
a matter of law when the evidence clearly shows a witness is an accomplice
witness as a matter of law.  Solis v.
State, 792 S.W.2d 95, 97 (Tex.CrimApp. 1990).  Because the evidence does not clearly show
that Keith was an accomplice as a matter of law, the trial court, in an
abundance of caution, submitted an accomplice as a matter of fact instruction,
requiring the jury not to consider Keith=s
testimony if it found she was an accomplice unless her testimony was properly
corroborated.  We hold that the trial
court did not err in failing to submit an instruction that Keith was an
accomplice as a matter of law.  See
Marlo v. State, 720 S.W.2d 496, 497 (Tex.Crim.App. 1986).








Richardson relies
upon the cases of Marlo; Solis; Medellin v. State, 617
S.W.2d 229 (Tex.Crim.App. 1981); and Alexander v. State, 607 S.W.2d 551
(Tex.Crim.App. 1980).  We find all of
these cases to be distinguishable.  In Marlo,
the matter at issue was whether the trial court erred by failing to submit an
issue as to whether certain witnesses were accomplices as a matter of
fact.  Marlo, 720 S.W.2d at
501.  In the case at bar, the trial court
submitted the accomplice as a matter of fact instruction that the trial court
failed to submit in Marlo.  We
also note that in Marlo, the evidence established that after the
defendant committed a murder, the witnesses, who were present at the time of
the murder, stripped the victim of her jewelry, and assisted in disposing of
her body and washing her blood from the bed of a truck.  Id. at 498.  They both said they were afraid of the defendant
in that case.  Id.  The Court held that the trial court did not
err in finding that the evidence did not establish that they were accomplices
as a matter of law.  Id. at
497.  In the case at bar, Keith engaged
in no affirmative action assisting Richardson and Weathers in the commission of
the burglary.  In Solis, the Court
held that a witness was an accomplice as a matter of law because the witness
had been indicted and already plead guilty to the offense for which the
defendant was being tried.  Solis,
792 S.W.2d at 97.  In the case at bar,
Keith had not been indicted, nor had she plead guilty to the offense with which
Richardson was tried.  In Medellin,
the Court held that the evidence was sufficient to support the conviction of an
individual as a party to the offense of delivery of heroin, who, when officers
came to an apartment to buy heroin, told them that she had snorted some of it
and that it was good; made them feel comfortable when they arrived when the
party who ultimately delivered the heroin was absent and encouraged them to
bring their money into the apartment; and went out of the apartment to get the
money.  Medellin, 617 S.W.2d at
231.  In Alexander, the Court held
that the evidence was sufficient to convict the defendant as a party even
though he denied knowledge of a burglary, where the evidence showed that he
drove the burglars to the scene of the burglary, waited for them, and then
drove away with them and the television they took in the burglary.  Alexander, 607 S.W.2d at 553.  As we have noted earlier, Keith, unlike the
defendants in Medellin and Alexander, was not shown to have
engaged in any affirmative action in addition to being present at the scene of
the offense and knowing about the offense and failing to timely disclose it.  Even if there were evidence to support Keith=s guilt of the offense as a party, her
testimony that she did those acts because of her fear of Richardson precluded
her being an accomplice as a matter of law because it raised a fact issue as to
whether she was a party and, therefore, whether she was an accomplice.  See Marlo, 720 S.W.2d at 497.  That being the case, the trial court properly
submitted a jury instruction on accomplice as a matter of fact.  Id. at 501.  We overrule Issue One.  













Richardson urges
in Issue Two that the evidence is insufficient to support his conviction
because Keith=s
accomplice testimony was not corroborated. 
In a legal sufficiency review, we view all of the evidence in the light
most favorable to the verdict and then determine whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  See Jackson v. Virginia,
443 U.S. 307, 319-20, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  It is
undisputed that the evidence, including the testimony of Keith, is sufficient
to show that Richardson was guilty of the offense of burglary as charged except
for Richardson=s
assertion that it is insufficient because Keith was an accomplice witness whose
testimony must be corroborated.  We have
held that Keith was not an accomplice as a matter of law, and have noted that
the trial court submitted to the jury the issue of whether she was an
accomplice as a matter of fact.  The jury
found Richardson guilty.  We therefore
assume that Keith was not an accomplice whose testimony was required to be
corroborated.  Thompson v. State,
537 S.W.2d 732, 734 (Tex.Crim.App. 1976); Jester v. State, 62 S.W.3d
851, 854-55 (Tex.App.--Texarkana 2001, pet. ref=d).  As we have previously noted, Richardson=s argument is based upon the assumption
that Keith=s
testimony was required to be corroborated, assuming that she was an accomplice
witness.  He cites Tompkins v. State,
501 S.W.2d 132 (Tex.Crim.App. 1973) and Ysasaga v. State, 444 S.W.2d 305
(Tex.Crim.App. 1969).  We find both of
those cases to be distinguishable.  In Tompkins,
the Court held that evidence was insufficient to corroborate the testimony of
an accomplice witness.  Tompkins,
501 S.W.2d at 133.  The Court simply
stated that the witness was an accomplice witness without any further
discussion.  Id.  There is nothing to indicate that Tompkins
involved a witness whose status as an accomplice was submitted to the jury
prior to the jury=s finding
of guilty.  In Ysasaga, the Court
held that the evidence was insufficient to support the defendant=s conviction because the State=s circumstantial evidence case was
weak, the record on appeal affirmatively showed that other testimony that would
have cast additional light on the facts was available to the prosecution, and
that the prosecution did not introduce such other evidence or satisfactorily
account for its failure to do so.  Ysasaga,
444 S.W.2d at 309.  The Court of Criminal
Appeals overruled that holding in Chambers v. State, 711 S.W.2d 240, 245
(Tex.Crim.App. 1986).  The opinion does
say that without an accomplice=s
testimony the evidence was insufficient to show that Ysasaga was in possession
of property taken from a burglarized warehouse. 
Ysasaga, 444 S.W.2d at 308. 
Although the jury had received an instruction on accomplice as a matter
of fact, the Court held that the witness was an accomplice as a matter of law
because he had bought property knowing that it was probably stolen and had
aided the sellers to dispose of it at a profit. 
Id.  As we have previously
held, Keith was not an accomplice as a matter of law because there is no
evidence of her active participation in the commission of the offense, other
than her mere presence and her knowledge of the offense, and her failure to
timely report it.  We overrule Issue Two.

The judgment is
affirmed.

 

 

May
19, 2005

JOHN HILL, Chief
Justice (Ret.)

 

Before Panel No. 5

Barajas, C.J., Chew, J., and Hill, C.J.(Ret.)

Hill, C.J., (Ret.)(Sitting by Assignment)

 

(Do Not Publish)